OPINION OF THE COURT
Thomas P. Aliotta, J.
*1066 Insofar as it appears on the papers before the court, the above-captioned. mortgagees have commenced this proceeding to foreclose a mortgage upon certain real property situated in Richmond County by power of sale pursuant to RPAPL article 14 (see RPAPL 1403). The mortgage is dated May 14, 2004.
By order to show cause dated October 17, 2006, the mortgagor, Waltz LLC, moves to permanently enjoin the attempted foreclosure pursuant to RPAPL 1421 (2), and direct that all further proceedings be conducted pursuant to RPAPL article 13.
In support of the application, it is claimed that the attempt to foreclose the subject mortgage pursuant to RPAPL article 14 is unauthorized, since the document in question was executed after the effective date of the article (July 7, 1998) and “does not contain a provision permitting the foreclosure thereof by power of sale or other non-judicial means” (RPAPL 1421 [2] [b] [1]; see 1401 [1]). It is further claimed that “under the facts and circumstances [of this case], allowing the foreclosure to proceed [in its present form] . . . would cause . . . undue hardship” (RPAPL 1421 [2] [b] [5]), and that foreclosure by power of sale was never contemplated by the parties when the mortgage was executed. Finally, it is claimed that the matter will likely be resolved when another matter pending before this court concerning “a [DEP] problem” with the subject property is resolved.
In opposing the application, the mortgagees maintain that the boilerplate clause in the subject mortgage providing “that the mortgagor will pay the indebtedness as hereinafter provided” has been construed by statute to authorize the mortgagee to foreclose upon the property by power of sale in the event of a default (see Real Property Law § 254 [3]). Otherwise stated, movants argue that by virtue of Real Property Law § 254 (3), any mortgage containing the foregoing provision empowers the mortgagee to foreclosure thereon by power of sale (see RPAPL art 14).
In construing the above “boilerplate” language, the court must note that the statutory construction relied on by the mortgagees is the result of a statute (Real Property Law § 254). However, in 1998 the Legislature acted to repeal former RPAPL article 14 (entitled “Foreclosure of Mortgage by Advertisement”) and substituted the present article (entitled “Foreclosure by Power of Sale”) providing that foreclosure by power of sale is only available where the mortgage contains a specific provision stating that “the mortgagee shall have the *1067 right to sell the mortgaged property” upon default (RPAPL 1401 [1], added L 1998, ch 231 [eff July 7, 1998]).
Here, since it is undisputed that the subject mortgage was executed on or about May 14, 2004 and contains no such provision, it follows that the authority to foreclose by power of sale can only be found by applying the rule of construction set forth in an earlier statute, Real Property Law § 254 (3). In the opinion of this court, such may not be done without negating the specific language contained in the later enactment (RPAPL 1401 [1]; see 1 Bergman, New York Mortgage Foreclosures § 8.02).
Accordingly, it is ordered that the application is granted; and it is further ordered that any further proceedings to foreclose the subject mortgage pursuant to RPAPL article 14 are stayed; and it is further ordered that the foreclosure proceed, if at all, pursuant to RPAPL article 13.